UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PRESTON O. JACKSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 19-cv-10615-ADB |
| SERGIO SERVELLO, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS**

BURROUGHS, D.J.

On April 1, 2019, Petitioner Preston O. Jackson ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2010 conviction in Suffolk Superior Court in connection with his guilty plea to nine counts of armed robbery, one count of armed assault with intent to commit robbery, and one count of attempt to commit a crime. [ECF No. 1 at 1]. Although allegedly only challenging his 2010 conviction, Petitioner also raised challenges to his 1992 conviction, also on robbery charges, as grounds for relief. [Id. at 5, 12]. Currently before the Court is Respondent's motion to dismiss, [ECF No. 25], which Petitioner opposes, [ECF No. 34]. For the reasons set forth below, Respondent's motion to dismiss, [ECF No. 25], is GRANTED.

## I. BACKGROUND

### A. 2010 Conviction

On February 18, 2009, a Suffolk County grand jury returned an indictment charging Petitioner with eleven counts related to armed robberies, including habitual offender charges. [ECF No. 26 at 20 (Respondent's Addendum ("Add."))]. Petitioner was assigned counsel

through the Committee for Public Counsel Services. [Id.]. On January 6, 2010, Petitioner pled guilty to nine counts, and the court dismissed the habitual offender portion of each of these counts. [Id. at 22–23]. Petitioner was sentenced to two concurrent sentences with a maximum of twenty years' incarceration and a minimum of thirteen years. [Id. at 23].

On August 18, 2015, Petitioner filed a *pro se* motion for a new trial, [Add. 23], which was denied on May 24, 2016, [id. at 24]. Petitioner filed a notice of appeal on October 4, 2016, [id.], and the Massachusetts Appeals Court ("Appeals Court") affirmed the order denying his motion for a new trial on November 28, 2017, Commonwealth v. Jackson, No. 16-P-1420, 2017 Mass. App. Unpub. LEXIS 1031 (Nov. 28, 2017). The Supreme Judicial Court ("SJC") denied further appellate review on March 29, 2018. Commonwealth v. Jackson, 102 N.E.3d 975 (Mass. 2018).

**B. 1992 Conviction**

On August 29, 1991, Petitioner was charged in ten separate indictments with nine counts of armed robbery and one count of armed assault with intent to rob, including indictment 99113, which is at issue here. See [Add. 4]; Commonwealth v. Jackson, No. 10-P-781, 2013 Mass. App. Unpub. LEXIS 548, at *2 (2013). Counsel was appointed to represent him. [Id. at 7]. On May 14, 1992, Petitioner pled guilty to the charges and was sentenced to concurrent terms of incarceration with a maximum sentence of twenty-eight years and a minimum of twenty years. [Id. at 9]. Petitioner filed a motion to withdraw his guilty plea or obtain a new trial on May 5, 2001, which the court denied on July 6, 2001, leading Petitioner to appeal the denial on July 27, 2001. [Id. at 10]. On June 27, 2002, the Appeals Court denied his motion, Commonwealth v. Jackson, 770 N.E.2d 560 (Mass. App. Ct. 2002), and on September 6, 2002, the SJC denied further appellate review, Commonwealth v. Jackson, 774 N.E.2d 1098 (Mass. 2002).

Petitioner was released from prison on his 1992 conviction on April 12, 2007. [ECF No. 26 at 3; ECF No. 1 at 6]. On February 4, 2010, while Petitioner was serving his sentence on his 2010 conviction, he filed a second motion for a new trial on his 1992 conviction. [Add. 4–5]. Petitioner seemingly sought to challenge his 1992 conviction with the idea of it being vacated and the time served on that conviction being credited towards his 2010 conviction. See [ECF No. 1 at 17]; Commonwealth v. Jackson, No. 18-P-531, 2018 Mass. App. Unpub. LEXIS 865, at *2–3 (Nov. 20, 2018); Jackson, 2017 Mass. App. Unpub. LEXIS 1031, at *3–4. After the court denied Petitioner's motion on February 10, 2010, [Add. 4–5], Petitioner then filed a third motion for a new trial on February 24, 2011, which the court again denied on March 8, 2012, [id. at 5].

Petitioner timely appealed the denial of this third motion. [Id.]. In its opinion on Petitioner's third motion, the Appeals Court noted that, "for the first time," Petitioner claimed "that his 1992 pleas to three of the ten robbery-related indictments [were] invalid because they [were] not supported by an adequate factual basis." Jackson, 2013 Mass. App. Unpub. LEXIS 548, at *1. The court held that the lower court had not erred in denying Petitioner's motion as to two of the three challenged indictments, but that the lower court had erred with regard to indictment number 99113. Id. at *2. The court remanded to the Superior Court for resentencing on that indictment because a "[c]onviction of armed robbery requires proof that the defendant was armed with a dangerous weapon . . . . and [Petitioner] did not admit to facts that permit an inference that he was [so] armed . . . ." Id. at *2–3. Despite this, because the facts Petitioner pled to "suffice[d] to support a conviction of unarmed robbery, which carries the same potential punishment as armed robbery," the "appropriate remedy" was to correct the docket and remand for "resentencing on the lesser included offense of unarmed robbery." Id. at *3–4.

Although the Appeals Court issued its decision in 2013, see id., Petitioner was not resentenced until November 2, 2017, when the record was corrected on indictment 99113 to reflect that Petitioner was guilty of unarmed robbery, [Add. 13]. He was sentenced to the same term of incarceration, which was deemed served. [Id.]. On December 1, 2017, Petitioner filed a notice of appeal, [id. at 14], claiming that he was "entitled to credit [on his 2010 sentence] for the years he served on indictment 99113 prior to his resentencing" and that he was subjected to double jeopardy when he was resentenced, Jackson, 2018 Mass. App. Unpub. LEXIS 865, at *2–3. On November 20, 2018, the Appeals Court affirmed his resentencing, rejecting his first argument as being directly estopped by the court's decision in connection with his appeal of his 2010 conviction, and rejecting his second argument because Petitioner sought and received a favorable ruling on his motion for a new trial and no additional punishment was imposed at his resentencing. Id. at *2–3; see also Jackson, 2017 Mass. App. Unpub. LEXIS 1031.

### C. Habeas Petition

On April 1, 2019, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, raising four grounds for relief: 1) that he was not advised regarding essential elements of armed robbery in connection with two indictments that led to his 1992 conviction; 2) that a habitual offender charge (later dropped) connected to his 2010 conviction created a temporal connection to his 1992 conviction that tolled the exhaustion of finality on his 1992 conviction; 3) that his counsel for his 2010 conviction was ineffective because he did not include Petitioner in several discussions about evidence, a possible plea agreement, and sentencing; and 4) that the trial court lacked jurisdiction to resentence him in connection with his 1992 conviction. [ECF No. 1 at 5, 7, 10, 12]. On August 21, 2019,

Respondent filed a motion to dismiss, [ECF No. 25], which Petitioner opposed on September 23, 2019, [ECF No. 34].

## II. LEGAL STANDARD

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim has previously been adjudicated on the merits by a state court, a petitioner may only obtain habeas relief if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent if: (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law"; or (2) the state court decides a case differently from a decision of the Supreme Court on a materially indistinguishable set of facts. Williams v. Taylor, 529 U.S. 362, 405, 413 (2000). A state court unreasonably applies federal law when it "correctly identifies the governing legal principles, but (i) applies those principles to the facts of the case in an objectively unreasonable manner; (ii) unreasonably extends clearly established legal principles to a new context where they should not apply; or (iii) unreasonably refuses to extend established principles to a new context where they should apply." Gomes v. Brady, 564 F.3d 532, 537 (1st Cir. 2009) (citation omitted). An unreasonable application requires "some increment of incorrectness beyond error." Norton v. Spencer, 351 F.3d 1, 8 (1st Cir. 2003) (citation omitted). A petitioner must show that the state court decision applied clearly established law in a way that was "objectively unreasonable." Sanchez v. Roden, 753 F.3d 279, 299 (1st Cir. 2014) (citation omitted).

Thus, to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). "The petitioner carries the burden of proof." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Furthermore, "[e]rrors based on violations of state law are not within the reach of federal habeas petitions unless there is a federal constitutional claim raised." Kater v. Maloney, 459 F.3d 56, 61 (1st Cir. 2006) (citing Estelle v. McGuire, 502 U.S. 62, 67–68 (1st Cir. 1991)). "'[T]he gap between erroneous state court decisions and unreasonable ones is narrow,' and 'it will be the rare case that will fall into this gap.'" O'Laughlin v. O'Brien, 568 F.3d 287, 299 (1st Cir. 2009) (first quoting Evans v. Thompson, 518 F.3d 1, 6 (1st Cir. 2008), then quoting Williams, 529 U.S. at 388).

A federal court cannot grant habeas relief to a state prisoner unless the prisoner has first exhausted his federal constitutional claims in state court. 28 U.S.C. § 2254(b)(1)(A). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A claim for habeas relief is exhausted if it has been "fairly and recognizably" presented in state court. Sanchez, 753 F.3d at 294 (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000)). In other words, "a petitioner must have tendered his federal claim [in state court] in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Id. (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Multiple Judgments Challenged

Although Petitioner represents his petition as challenging his 2010 conviction, [ECF No. 1 at 1], Petitioner raises four grounds for relief, two of which pertain to his 1992 conviction, [id. at 5, 12]. Respondent argues that Petitioner cannot challenge multiple judgments in a single habeas petition. [ECF No. 26 at 7]. Petitioner responds that because the Commonwealth "gave life" to his 1992 conviction through his 2009 indictment on a charge of being a habitual offender (which was eventually dropped), his resentencing on the 1992 charge is connected to his 2010 conviction. [ECF No. 34 at 8–9]. Petitioner specifically seeks to link the convictions in order to benefit from state court decisions that have credited a defendant's current sentence with time served on a vacated conviction. [Id. at 11–12].

The law is unclear as to Petitioner's ability to challenge multiple judgments in a single habeas petition. Respondent cites the Rules Governing Section 2254 Cases in the United States District Courts in support of its contention that this is prohibited. [ECF No. 26 at 7]. Rule 2(e) states that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." R. Governing § 2254 Cases U.S. Dist. Cts. 2(e) (2019). The First Circuit has not yet interpreted this language.

Other courts have interpreted the rule narrowly, refusing to allow one petition on multiple judgments from state courts in different counties. See Portley-El v. Brill, 380 F. App'x 744, 745 (10th Cir. 2010) (affirming district court order requiring petitioner to amend and file multiple petitions challenging judgments from different county courts); McKnight v. United States, 27 F. Supp. 3d 575, 582 (D.N.J. 2014) (severing claims into separate habeas petitions where petitioner challenged judgments from both state and federal bodies). Other courts interpret the language

more broadly to require separate petitions for multiple judgments, even if issued by the same county court. See McClellan v. Warden of Perry Corr. Inst., No. 19-cv-1228, 2019 U.S. Dist. LEXIS 148885, at *1 n.1 (D.S.C. July 12, 2019). Still other courts interpret the language of Rule 2(e) to allow a petitioner to challenge multiple judgments from a single court in one petition. See In re Caldwell, 917 F.3d 891, 893 (6th Cir. 2019) ("The rule's reference to 'a separate petition covering the . . . *judgments* of each court' implies that a petitioner *may* challenge multiple judgments from a single court in a single petition." (quoting R. Governing § 2254 Cases U.S. Dist. Cts. 2(e))).

The plain language of Rule 2(e) references "judgments of more than one state court." R. Governing § 2254 Cases U.S. Dist. Cts. 2(e)). The Court interprets this to mean judgments from multiple courts, rather than multiple judgments from a single court (albeit in different sessions). Petitioner is challenging two judgments, both from Suffolk Superior Court, in a single petition, [ECF No. 1 at 1, 5, 12], which the Court will allow without requiring him to file separate petitions.

**B. Jurisdiction to Consider Challenge to 1992 Conviction**

Respondent argues that Petitioner's claims to relief under Grounds One and Four are related to his 1992 conviction and that because Petitioner was released from custody on that conviction in 2007, the Court lacks jurisdiction to consider these claims. [ECF No. 26 at 5–6]. Again, Petitioner argues that the habitual offender charge connected to his 2010 conviction revived his 1992 conviction, making it ripe for habeas review. [ECF No. 34 at 8–9].

Section 2254(a) states that district courts may review habeas petitions for individuals who are "in custody." 28 U.S.C. § 2254(a). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence

under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 491 (1989). Petitioner was released from custody on his 1992 conviction in 2007, therefore the sentence imposed for that conviction "has completely expired" and "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492; see Lopes v. Phillips, No. 16-cv-11927, 2017 U.S. Dist. LEXIS 192119, at *5–6 (D. Mass. Nov. 21, 2017) ("This is so even where the 'collateral consequence' cited by a petitioner is a subsequent sentence that was enhanced as a result of the conviction he seeks to attack . . . ."). As a result, the Court lacks jurisdiction to consider Grounds One and Four of the petition.

### C. Challenge to 2010 Conviction as Time-Barred

Respondent's final challenge to the petition is that it was filed outside of the statute of limitations. [ECF No. 26 at 8]. Petitioner does not directly address this challenge.

Under the AEDPA, a one-year period of limitation applies to petitions filed by a person in custody pursuant to a state-court judgment. 28 U.S.C. § 2244(d). The period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Id. at § 2244(d)(1)(A). Where a petitioner has "filed [an] application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," the time during which the application is pending "shall not be counted toward any period of limitation under this subsection." Id. at § 2244(d)(2). Petitioner filed his motion for a new trial on August 18, 2015, over five years after his January 2010 plea, [Add. 22–

23], and the SJC denied further appellate review on his motion on March 29, 2018, Jackson, 102 N.E.3d at 975.

The only means of challenging a guilty plea in Massachusetts courts is by filing a motion for a new trial, Commonwealth v. Coral, 890 N.E.2d 146, 151 (Mass. App. Ct. 2008), and there is no time limit by which a defendant must file the motion, Rodriguez v. Spencer, 412 F.3d 29, 34 (1st Cir. 2005) (citing Mass. R. Crim. P. 30). Whether a motion for a new trial is an appeal for direct or collateral review is unsettled, though several courts within the district have deemed it to be collateral. See Turner v. Commonwealth, No. 12-cv-12192, 2013 U.S. Dist. LEXIS 96922, at *9 (D. Mass. July 11, 2013) (stating that the First Circuit has assumed without deciding that motions for new trial are collateral); Davis v. Roden, No. 11-cv-10694, 2013 U.S. Dist. LEXIS 45725, at *8 (D. Mass. Mar. 29, 2013) (noting that the First Circuit has not yet decided whether a motion for a new trial is direct or collateral and choosing to treat it as collateral); see also Coral, 890 N.E. 2d at 150 (discussing SJC precedent which has held that motions for new trial may be direct or collateral depending on the circumstances).

In one case affirmed by the First Circuit and a second case affirmed by the Massachusetts Appeals Court, motions for new trial filed several years after conviction were treated as collateral. See Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005); Coral, 890 N.E. 2d at 151. In Cordle v. Guarino, the First Circuit held that "[b]ecause [petitioner's] motion for a new trial was filed well after her AEDPA's limitations period had expired, it did not stop or reset the clock and does not help [petitioner] on this appeal." 428 F.3d at 48 n.4. Similarly, in Commonwealth v. Coral, the Appeals Court held that

> [W]e need not decide whether . . . a motion for a new trial . . . is a 'direct or collateral review, or some hybrid of the two' . . . . Here, the defendant filed his motion almost three years after the taking of his plea. The principles of finality

> inherent in the requirement that appeals must be brought within certain time frames militate against treating his motion as analogous to a direct appeal.

890 N.E.2d at 151 (internal citations omitted) (quoting Commonwealth v. De La Zerda, 619 N.E.2d 617, 619 (Mass. 1993)).

Applying the First Circuit's reasoning in Cordle, the Court finds that Petitioner's 2015 motion for a new trial on his 2010 conviction was a collateral attack that did not reset the AEDPA clock. See Cordle, 428 F.3d at 48 n.4. As a result, the SJC's 2018 denial of further appellate review did not commence a one-year period of limitations as that period had expired in 2011. See 28 U.S.C. 2244(d)(1). Accordingly, the petition is untimely.

**D. Equitable Tolling**

The Supreme Court recognizes equitable tolling, by which courts may set aside the one-year limitations period defined in § 2254(d)(1). Holland v. Florida, 560 U.S. 631, 649 (2010); Cordle, 428 F.3d at 48. In order to apply equitable tolling, a petitioner must present "extraordinary circumstances" that were "beyond the litigant's control" in preventing his or her timely filing of a habeas petition. Cordle, 428 F.3d at 48 (first quoting Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001), then quoting Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002)); see also Holland, 560 U.S. at 649. In addition, courts must look to whether a petitioner was "diligent" in pursuing relief before the statute of limitations expired as equitable tolling "is not available to rescue a litigant from his own lack of due diligence." Id. at 49; see also Holland, 560 U.S. at 649; Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004). Courts can also assess whether a petitioner's claims have merit, thereby warranting relief through equitable tolling. Trapp v. Spencer, 479 F.3d 53, 61 (1st Cir. 2007) (listing whether claims have merit as a relevant factor for equitable tolling); Lattimore, 311 F.3d at 55 (claims of "dubious merit" not entitled to equitable tolling). This remedy is only used "sparingly" so as "to avoid upsetting the

'strong concern for finality' embodied in § 2254." Neverson, 366 F.3d at 42 (first quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990), then quoting Brackett v. United States, 270 F.3d 60, 67 (1st Cir. 2001)).

1. Diligence

Although Petitioner seems to have diligently pursued relief once he filed his motions to appeal his 1992 and 2010 convictions, he was not diligent in seeking relief prior to filing those motions. As to his 1992 conviction, Petitioner did not file a motion to withdraw his guilty plea until 2001, nearly ten years after entering his guilty plea. [Add. 10]. Petitioner waited over five years to file his motion for a new trial on his 2010 conviction. [Add. 23]. While there may not be a time limit for filing a motion for a new trial in Massachusetts state court, a long delay in seeking relief does not demonstrate diligence for purposes of equitable tolling in connection with a habeas petition. See Rodriguez, 412 F.3d at 34; Cordle, 428 F.3d at 48 n.4 (holding that a delay in seeking relief in state court does not stop the clock on the statute of limitations for purposes of habeas relief). Accordingly, Petitioner's long delay in seeking relief in state court weighs against a finding of diligence.

2. Merits of Grounds for Relief

a. Grounds I & IV: Resentencing

The SJC has held that resentencing does not violate double jeopardy as long as the newly imposed sentence does not "increase the 'aggregate punishment' imposed under the original sentence . . . ." Commonwealth v. Cole, 10 N.E.3d 1081, 1095 (Mass. 2014). Petitioner was resentenced to the time he had already served and thus the newly imposed punishment did not increase the aggregate punishment that had been imposed at his initial sentencing. See Jackson, 2018 Mass. App. Unpub. LEXIS 865, at *3 (stating that Petitioner's resentencing did not result in additional punishment).

The SJC's holding, and the Appeals Court's application of that law to Petitioner, does not offend Supreme Court jurisprudence. "The Double Jeopardy Clause . . . affords three protections to the criminal defendant. The first two, which are the most familiar, protect against a second prosecution for the same offense after acquittal, and against a second prosecution for the same offense after conviction." Jones v. Thomas, 491 U.S. 376, 380–81 (1989); see also United States v. Garske, 939 F.3d 321, 328 (1st Cir. 2019). The third offers "protection against 'multiple punishments for the same offense' imposed in a single proceeding." Jones, 491 U.S. at 381 (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). As to this third consideration, the primary concern is protecting defendants from serving a longer term than anticipated by the legislature. Id. at 381. Where a defendant has been convicted of the same offense at a subsequent proceeding, "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' . . . ." Pearce, 395 U.S. at 718–19; see also United States v. Martin, 363 F.3d 25, 37 (1st Cir. 2004). Petitioner's resentencing for unarmed robbery fully credited him for time served on his conviction for armed robbery, therefore Petitioner has failed to demonstrate that these two grounds for relief are meritorious such that they would entitle him to relief. See Lattimore, 311 F.3d at 55.

b. Ground II: Habitual Offender

The Court notes, first, that the habitual offender charge was dropped and that Petitioner was not convicted on that charge. [Add. 22–23]. The cases Petitioner cites in support of his contention involve convictions related to past offenses, not mere indictments. See [ECF No. 34 at 9–10]. Further, the Appeals Court found Petitioner's argument unavailing where his conviction was not truly vacated: his conviction was merely revised from armed robbery to

unarmed robbery. Jackson, 2017 Mass. App. Unpub. LEXIS 1031, at *3–4. Petitioner seeks to link the convictions through the 2009 indictment in order to benefit from the Appeals Court's suggestion that time served on a fully vacated conviction can be applied against time served on a new sentence when there is a "substantive or temporal connection between the earlier sentence and the new sentence." Id. at *4 (quoting Commonwealth v. Holmes, 15 N.E.3d 741, 744 (Mass. 2014)). However, the Appeals Court held that the 1992 conviction was not fully vacated and that even if it was, Petitioner could not establish the required substantive or temporal connection between the sentences. Id. Petitioner has not established that the holding of the Appeals Court was in error and has not identified any Supreme Court authority to support his position. See Kater, 459 F.3d at 61.[1] He has also failed to show that this ground has merit and would entitle him to relief. See Lattimore, 311 F.3d at 55.

c. Ground III: Ineffective Assistance of Counsel

Inherent in the Sixth Amendment right to counsel is the right to effective assistance of counsel. Missouri v. Frye, 566 U.S. 134, 138 (2012) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984)). Trial counsel is constitutionally ineffective if his or her representation falls below an objective standard of reasonableness and thereby prejudices the defendant. Strickland,

[1] For example, one of the Supreme Court cases cited by Petitioner in support of his argument is specific to vacated prior convictions. [ECF No. 34 at 12]; see Johnson v. United States, 544 U.S. 295, 301 (2005) (stating that petitioner's state court convictions had been vacated). Again, Petitioner's 1992 conviction was not truly vacated. Jackson, 2017 Mass. App. Unpub. LEXIS 1031, at *3–4. In addition, in Johnson v. United States, the Supreme Court held that lack of diligence in pursuing the state court vacatur was a bar to petitioner's attempts to seek habeas relief through equitable tolling. 544 U.S. at 302. The other Supreme Court decision cited by Petitioner involved an inmate who, unlike Petitioner, sought to challenge his state court convictions after a federal sentence was enhanced as a result of those state convictions. [ECF No. 34 at 12]; Custis v. United States, 511 U.S. 485, 497 (1994). Here, Petitioner's 2010 conviction was not enhanced by habitual offender charges because those were dropped prior to entry of his guilty plea. See [Add. 22–23].

466 U.S. at 688, 693. To show prejudice, a Petitioner must show that "but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different." Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007). There is a strong presumption that counsel's representation was reasonable, and great deference is given to their strategic trial decisions. Strickland, 466 U.S. at 689–90. A petitioner claiming ineffective assistance of counsel as a ground for habeas relief "bears a doubly heavy burden," because they must contend with both the deferential Strickland standard and the deferential standard required by Section 2254. Yeboah-Sefah v. Ficco, 556 F.3d 53, 70 (1st Cir. 2009).

The two-part standard of Strickland is also used to evaluate the effectiveness of counsel when guilty pleas are challenged. Contreras v. United States, No. 90-2161, 1991 U.S. App. LEXIS 21240, at *4 (1st Cir. Aug. 7, 1991) (citing Hill v. Lockhart, 474 U.S. 52 (1985)). In the context of a guilty plea,

> [w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

Tollett v. Henderson, 411 U.S. 258, 267 (1973); McMann v. Richardson, 397 U.S. 759, 774 (1970) (defendant must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act").

Petitioner argues that counsel for his 2010 conviction did not include Petitioner in "critical stages" of his plea and conviction, including sentencing discussions. [ECF No. 1 at 10]. In addition, Petitioner claims that counsel never determined whether he would be eligible for probation. [Id.]. In reviewing Petitioner's claims in 2017, the Appeals Court held that "[t]here is

no merit to the defendant's claim that he was deprived of effective assistance of counsel." Jackson, 2017 Mass. App. Unpub. LEXIS 1031, at *1.[2]

As to his contentions regarding the possibility of probation, Petitioner argues that the first judge assigned to his case was known to sentence defendants to probation if they pled guilty, but that his counsel never responded to his questions about this possibility. [ECF No. 34 at 14]. As Petitioner acknowledges, however, he was facing a maximum sentence of life in prison, which was unlikely to be reduced to a sentence of probation. [Id. ("[A]rmed robbery . . . would not be a charge to be on probation with.")]. It is therefore not unreasonable for counsel not to have raised this possibility during plea negotiations. See Strickland, 466 U.S. at 688. Even if counsel did not respond to Petitioner's questions regarding the possibility of probation, Petitioner nonetheless was informed of the sentences proposed during plea negotiations, as he recites them in his opposition. See [ECF No. 34 at 14].[3]

With regard to Petitioner's claim that he was not present at conferences and other stages of his plea and sentencing, the Appeals Court has held that a "defendant's presence is not required during a lobby conference." Jackson, 2017 Mass. App. Unpub. LEXIS 1031, at *2 (citing Commonwealth v. Fanelli, 590 N.E.2d 186, 189 (Mass. 1992)). This is in accord with First Circuit precedent that "a defendant's 'privilege of presence is not guaranteed when presence would be useless, or the benefit but a shadow.'" United States v. Brown, 945 F.3d 597,

[2] The judge presiding over Petitioner's motion for a new trial was also the judge who entered Petitioner's plea. Jackson, 2017 Mass. App. Unpub. LEXIS 1031, at *1–2.

[3] Petitioner mentions that he was initially offered thirteen to fifteen years during plea negotiations, but that he was ultimately offered thirteen to twenty years. [ECF No. 34 at 14]. Petitioner does not directly fault counsel with this difference, but the Court notes that the Appeals Court affirmed findings that Petitioner's contention that counsel rejected a lower plea bargain was "entirely speculative." Jackson, 2017 Mass. App. Unpub. LEXIS 1031, at *2.

603 (1st Cir. 2019) (quoting Kentucky v. Stincer, 482 U.S. 730, 745 (1987)). Even if a defendant is excluded from certain pre-plea meetings, this "does not affect the knowing or voluntary nature of the guilty plea; nor is it logically inconsistent with the establishment of the defendant's guilt." Fanelli, 590 N.E.2d at 189.

Although defendants have a "constitutional right 'to be present at any stage of the criminal proceeding that is critical to its outcome if [their] presence would contribute to the fairness of the procedure,'" Petitioner has failed to establish that he was excluded from any proceedings that were critical to the outcome of his case. See Brown, 945 F.3d at 602 (quoting United States v. Wallace, 82 F. App'x 701, 702 (1st Cir. 2003)). Although it might have been "better practice" to either include Petitioner in lobby conferences and other meetings, or to record notes about those meetings and share them with Petitioner, see Fanelli, 590 N.E.2d 189, Petitioner has not demonstrated that his counsel's representation leading to his 2010 plea was a "serious dereliction" or that it fell below professional norms. See McMann, 397 U.S. at 774; see also Strickland, 466 U.S. at 688.

Because Petitioner has not demonstrated that his counsel's performance fell below professional norms, see Strickland, 466 U.S. at 688, the Court need not consider whether Petitioner was prejudiced by his counsel's performance as a "failure to satisfy one prong . . . obviates the need for a court to consider the remaining prong," Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010). Finally, Petitioner has not demonstrated that the Appeals Court applied clearly established law in a way that was "objectively unreasonable" in reviewing his ineffectiveness claim. See Sanchez, 753 F.3d at 299. Petitioner is therefore unable to demonstrate that this ground has merit and would entitle him to relief. See Lattimore, 311 F.3d at 55.

## IV. CONCLUSION

The Court lacks jurisdiction to grant Petitioner's requests for relief as to his 1992 conviction, and Petitioner has filed his petition outside of the statute of limitations for review of his 2010 conviction. In addition, Petitioner has not demonstrated that he was diligent in pursuing relief or that his grounds for relief have merit so as to warrant equitable tolling. See Cordle, 428 F.3d at 48; Lattimore, 311 F.3d at 55. Accordingly, Respondent's motion to dismiss, [ECF No. 25], is GRANTED. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to" a habeas petitioner. R. Governing § 2254 Cases U.S. Dist. Cts. 11(a). The Court will grant a certificate of appealability in this instance.

**SO ORDERED.**

March 26, 2020

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE